# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jane Doe,<br><br>PLAINTIFF(S)<br>v.<br><br>United States, et al.,<br><br>DEFENDANT(S) | **CASE NUMBER**<br>2:23-cv-04218-WLH-KES<br><br>**ORDER ON REQUEST TO PROCEED**<br>*IN FORMA PAUPERIS*<br>**(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.   ☒ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☒ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

   ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
   ☒ The action is frivolous or malicious.
   ☒ The action fails to state a claim upon which relief may be granted.
   ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

_____6/29/2023_____                                      _____/s/_____
Date                                                               United States District Judge

A plaintiff in a civil action "bears the burden of establishing subject matter jurisdiction." *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997). Additionally, a complaint may be dismissed for: (1) the lack of a cognizable legal theory; or (2) the absence of sufficient facts alleged under a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).

Plaintiff's Complaint and Civil Cover Sheet indicate she purportedly relies on federal-question jurisdiction under 42 U.S.C. § 1985(3). (Complaint, Docket No. 1 at 1-2; Civil Cover Sheet, Docket No. 1-1 at 1). Section 1985(3) "provides a cause of action if two or more persons conspire to deprive an individual of [her] constitutional rights." *Pasadena Republican Club v. Western Justice Center*, 985 F.3d 1161, 1171 (9th Cir. 2021). "The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy and (3) a resulting injury." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000). "A claim under this section must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988)

Here, Plaintiff's largely incomprehensible, rambling Complaint makes no attempt to show a conspiracy—and indeed does not even use the word "conspiracy"—let alone establish any of the elements under § 1985(3). Instead, Plaintiff states random legal words, such as "false arrest," "negligence resulting in intentional unmistakable tort," "wrongful death," "attempted murder," "color of law," and cites various Constitutional amendments and a state penal code without any explanation of who did what to her, when and where, and how she suffered a cognizable injury. (Docket No. 1 at 1-2). This is insufficient to establish jurisdiction in this Court or state a comprehensible cause of action.

Moreover, Plaintiff simply checking the box on her Civil Cover Sheet purportedly indicating the U.S. Government is a defendant (Docket No 1-1 at 1), is insufficient to confer jurisdiction on this Court. *See Peavy v. The People*, 2016 WL 1383007, at *1 (S.D. Cal. Apr. 6, 2016) (simply checking box on civil cover sheet indicating the U.S. Government is a defendant is insufficient to confer jurisdiction where there is no mention of that defendant or any federal claim in the complaint).

Accordingly, the action is DISMISSED for lack of jurisdiction, and because it is frivolous and fails to state a claim upon which relief can be granted. *See Anderson v. Sy*, 486 F. App'x 644 (9th Cir. 2012) (district court properly dismissed as frivolous where "the complaint contains indecipherable facts and unsupported legal assertions"); *Lopez v. Smith*, 203 F.3d 1122, 1128 n.8 (9th Cir. 2000) (en banc) ("[w]hen a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend."). In light of this dismissal, Plaintiff's request to proceed *in forma pauperis* is DENIED.

*(attach additional pages if necessary)*